Barnard, P. J.
The decree of the surrogate of June 1, 1881, is good as; far_ as it goes. Every party interested was duly represented except, it is. claimed, that one of the infant children of Mary Ann Shiels was unrepresented upon the accounting, namely, one Margaret Shiels. It does not appear whether she was served with a citation, but, assuming that she was not, the entire decree should not be opened for future litigation as to those who are bound by it. _ This answer is, however, m view of the mere statement in the moving petition that this infant was unrepresented complete. All the Shiels children did appear by one Dennis Quinn, both before and at the accounting, and he was acting for them. He examined the account and certified to that fact, and that there were no errors in it, and that he had no objection thereto. Upon Ihe merits the case is fully met. This mere statement, by this guardian of certain minor children of Mary Ann Shiels, of fraud and collusion between the widow of deceased and the executors, is answered by a full denial and the value of the real estate was settled upon a public sale and upon full advertisement in the Brooklyn Eagle and Argus, and with the attendance of many people thereat. The sale, so far as appears, is entitled to entire respect, and it ought not to be opened nor the proceedings based upon it, upon even a well considered opinion; that the property was worth more than it brought. There is, however, no reason to believe, from the conflicting affidavits, that the full value was not realized.
The order should be reversed, with costs and disbursements.
Dykman and Pratt, JJ., concur.